UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA KISHOR,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN STOLLER, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-01356-TLN-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S THIRD MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING HIS FIRST TWO MOTIONS AS MOOT, AND DENYING HIS MOTION FOR INTRODUCTION OF EVIDENCE<br><br>ECF Nos. 4, 13, 17, & 20<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THE SECOND AMENDED COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>ECF No. 18<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, a state prisoner at California State Prison, Solano, has filed a second amended complaint that is nearly incomprehensible. As best I can tell, his claims relate to the validity of his conviction and, thus, are unsuited to a § 1983 action. I will grant the latest of plaintiff's applications to proceed *in forma pauperis*, ECF No. 17, and deny his previous two as moot, ECF

Nos. 4 & 13.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's complaint is nearly impossible to understand. As best I can tell, however, it relates to an allegedly "illegal plea" that he was forced to accept in state court. ECF No. 18 at 2-

3. He makes vague references to cover-ups, excessive sentencing, and "kickbacks" between district attorneys and judges. *Id.* at 3-4. These allegations are almost certainly frivolous. Moreover, they are unsuited to a section 1983 action because success on any of them would necessarily imply that plaintiff's conviction is invalid. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In light of the foregoing, I find that further opportunities to amend are unwarranted.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF No. 17, is GRANTED.
2. Plaintiff's previous motions to proceed *in forma pauperis*, ECF Nos. 4 & 13, are DENIED.
3. Plaintiff's motion for introduction of evidence, ECF No. 20, is DENIED. If these recommendations are rejected, he may renew it.

Further, it is RECOMMENDED that plaintiff's second amended complaint, ECF No. 18, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: March 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3