UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA KISHOR,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN STOLLER, *et al.*,<br><br>            Defendants. | Case No.  2:23-cv-1356-TLN-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

On April 11, 2024, the court dismissed plaintiff's second amended complaint without leave to amend for failure to state a cognizable claim. ECF No. 26. On April 24, 2024, plaintiff filed objections to the court's April 11 order along with a motion to re-introduce evidence and to review documents.[1] ECF Nos. 28 & 29. In the motion, plaintiff argues that the court erred in dismissing his case because he declined consent to the undersigned, and his matter cannot be adjudicated by a single judge.[2] Plaintiff explains that his case is premised on judicial and prosecutorial misconduct that occurred during his state criminal action. Attached to the motion is a Sacramento Superior Court transcript of a *Marsden* motion that occurred in 2000, *id.* at 3-7, typed notes from the same hearing, *id.* at 8-9, miscellaneous state court documents and filings, *id.*

---

[1] The assigned district judge referred this motion to the undersigned. ECF No. 31.
[2] Chief Judge Nunley, a U.S. District Judge, ordered that this action be dismissed.

at 10-29, a copy of plaintiff's January 2, 2024 complaint, and other court filings, *id.* at 30-39.

I construe plaintiff's filing as a motion to alter or amend the final judgment entered in this case pursuant to Federal Rule of Civil Procedure 59(e).[3]

Rule 59(e) allows a party to move to alter or amend a judgment within twenty-eight days after the judgement is entered. "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (citation omitted). A Rule 59(e) motion "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).

Plaintiff has not identified any authority providing a basis for altering or amending the judgment, and, at this time, I find no basis in the record to do so. Plaintiff has not presented any newly discovered evidence, showed that there was a change in applicable law, or that the court's decision was manifestly unjust.

Accordingly, it is hereby RECOMMENDED that plaintiff's motion to re-introduce evidence and motion to review documents, ECF No. 29, construed as a motion to alter or amend the final judgment, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[3] Since this motion was filed less than twenty-eight days after judgment was entered, Rule 59(e), instead of Rule 60(b), is the rule applicable to plaintiff's motion.

IT IS SO ORDERED.

Dated:   November 5, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE